NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

BADR OUKADDOU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-839

Agency No.
A209-145-923

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Badr Oukaddou, a native and citizen of Morocco, petitions for review of a

Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's

order dismissing his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we deny the petition.

The BIA did not abuse its discretion in denying Oukaddou's motion to reopen as untimely because Oukaddou has not established that equitable tolling of the filing deadline was warranted. Equitable tolling of filing deadlines may be obtained "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). In other words, it was Oukaddou's burden to show a "diligent pursuit of [his] rights" or "extraordinary circumstance[s] [that] stood in [his] way and prevented timely filing" of the motion to reopen. *Lona v. Barr*, 958 F.3d 1225, 1232 (9th Cir. 2020). Because Oukaddou has not demonstrated that his mental illness caused the significant delay in filing his motion to reopen, the BIA did not act "arbitrarily, irrationally, or contrary to law" in denying the motion. *See id.* (BIA's denial of equitable tolling appropriate when petitioner "alleged no facts . . . suggesting a diligent pursuit of her rights in the intervening years").

**PETITION DENIED.** Petitioner's Motion to Stay (Dkt. 2) and Supplemental Motion to Stay (Dkt. 18) are **DENIED.**